UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA          *     Case No. 19-CR-337(BMC)
                                  *
                                  *     Brooklyn, New York
                                  *     March 12, 2020
        v.                        *
                                  *
TEHUTI AYEBOAFO,                  *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * *

              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
              BEFORE THE HONORABLE SANKET J. BULSARA
                  UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          NICHOLAS MOSCOW, ESQ.
                            Asst. United States Attorney
                            United States Attorney's Office
                            271 Cadman Plaza
                            Brooklyn, NY 11201


For the Defendant:          CHRISTOPHER D. WRIGHT, ESQ.
                            Harvis Wright & Fett
                            305 Broadway
                            Suite 1400
                            New York, NY  10007

                            SALLY J.M. BUTLER, ESQ.
                            42-40 Bell Blvd., Suite 302
                            Bayside, NY  11361




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1         (Proceedings commenced at 1:13 p.m.)

2              THE CLERK: Criminal case for a plea hearing, case

3    no. 19-CR-337, United States vs. Ayeboafo.  Counsel, please

4    state your appearances for the record.

5              MR. MOSCOW:  Good afternoon, Your Honor.  Nick

6    Moscow for the United States.

7              THE COURT:  Good afternoon.

8              MR. WRIGHT:  Good afternoon, Your Honor.

9    Christopher Wright and Sally Butler for Mr. Ayeboafo.

10             THE COURT:  Good afternoon.  Good afternoon, Mr.

11   Ayeboafo.

12             THE DEFENDANT:  Good afternoon, Your Honor

13             THE COURT:  Okay.  I have a question. I suppose

14   it's for both sides.

15             Count 1 of the indictment charges both a

16   distribution offense and a possession with intent to

17   distribute.

18             Does the government have an understanding as to --

19   and I'll hear from defense counsel obviously also, as to what

20   Mr. Ayeboafo is allocuting to and whether I would need to

21   instruct on both distribution and possession with intent to

22   distribute?

23             MR. MOSCOW:  Your Honor, just taking this question

24   separately, we don't believe that you would need to instruct

25   on them separately.

3

```
 1            We do not know at this time whether the defendant
 2    will choose to allocute to possession with intent to
 3    distribute or distribution.  We do believe that he committed
 4    both crimes and he's capable of allocuting to either theory
 5    of liability.
 6                 THE COURT:  Okay.
 7                 MR. WRIGHT:  Judge, the defense concurs with Mr.
 8    Moscow.  But either one is fine.  Whichever the court --
 9                 THE COURT:  Okay.  Well, part of -- and also, I
10    guess, a related a question is is the indictment charges
11    offenses involving cocaine, heroin and fentanyl, one of which
12    has an amount quantity.
13            And for our present purposes I will just simply
14    tell Mr. Ayeboafo what the indictment charges and what the
15    offense of distribution requires the government to prove and
16    what the offense of possession with intent to distribute
17    requires the government to prove.
18            And then I'll hear from him as to what he has to
19    say about what he did and we'll see whether it's factually
20    sufficient.  Is that okay with everyone?
21                 MR. MOSCOW:  Yes, Your Honor.  The government would
22    note that pursuant to the plea agreement it's our
23    understanding that he's pleading guilty to the first of the
24    controlled substances listed, cocaine base.
25                 THE COURT:  Okay.
```

4

1          MR. MOSCOW:  And that the court need not allocute

2   him on the heroin or the fentanyl.  However, the court may do

3   so if the court so chooses.

4          THE COURT:  Is that the defense counsel's

5   understanding as well?

6          MR. WRIGHT:  It is. Yes, Your Honor. That's our

7   understanding as well.

8          THE COURT:  Okay.  Great.

9          Mr. Ayeboafo, I understand -- I'm advised by your

10  counsel that you wish to plead guilty to the charge in the

11  indictment that's been filed against you.  Is that correct?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Okay.  It's a serious decision and I

14  need to make sure you understand all of the consequences of

15  your plea and what rights you'd be giving up if you were to

16  plead guilty.  And I have to ask you some questions and it

17  requires the answers to the questions be under oath.

18         So, Mr. Manson, my deputy's going to swear you in,

19  okay?

20         (The defendant is sworn.)

21         THE COURT:  Mr. Ayeboafo, you understand that now

22  you've been sworn that your answers are subject to the

23  penalties of perjury, or making a false statement, if you

24  don't answer truthfully.

25         THE DEFENDANT:  Yes.

5

1          THE COURT:  Okay.  Just to be clear what that means

2     if you give me a false answer to any of the questions I ask,

3     the government could separately prosecute you for a crime of

4     making a false statement and use any statement you make here

5     in such a prosecution.

6          Do you understand that?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Okay.  Now I need you to understand

9     that this is Judge Cogan's case.  Okay?  He is the judge who

10    will sentence you and make the ultimate decision as to

11    whether to accept your guilty plea.

12         If you wish, you have the absolute right to proceed

13    before him and there would be no prejudice to you.

14         Alternatively, you can proceed before me.  This

15    proceeding is being recorded. A transcript will be made and

16    Judge Cogan will review that transcript in connection with

17    your sentencing.

18         Do you understand?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Do you wish to give up your right to

21    have Judge Cogan hear your plea and do you wish to proceed

22    before me?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Okay.  Are you making this decision

25    voluntarily and of your own free will?

6

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Has anyone threatened you or have any

3    promises been made to you that's causing you to proceed

4    before me?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Okay.  I have before me what is --

7    we've marked as Court Exhibit 1, which is a consent of a plea

8    taken by a United States magistrate judge.

9          Mr. Ayeboafo, can you just confirm this is your

10   signature on Court Exhibit 1, please.

11         THE DEFENDANT:  Yes, Your Honor.  That's my

12   signature.

13         THE COURT:  Okay.  Great.

14         I find that -- I note, rather, that it's signed by

15   Mr. Ayeboafo, his lawyer and by the government.  Okay.

16         So Mr. Ayeboafo, before I can accept your plea

17   there are a number of questions I have to ask you to make

18   sure that a plea -- your plea would be valid.

19         If you don't understand any of these questions,

20   please let me know.

21         Can you tell me your full name, please?

22         THE DEFENDANT:  Tehuti Ayeboafo.

23         THE COURT:  And, sir, how old are you?

24         THE DEFENDANT:  I'm 23 years old.

25         THE COURT:  Okay.  And how far did you get in

7

1    school?

2              THE DEFENDANT:  11th grade.

3              THE COURT:  Okay.  And you have no trouble speaking

4    or understanding English, correct?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Okay.  And are you under the care of a

7    doctor or a psychiatrist for any reason?

8              THE DEFENDANT:  I see a psychiatrist every now and

9    then.

10             THE COURT:  Okay.  And what do you see a

11   psychiatrist for?

12             THE DEFENDANT:  Insomnia and anxiety.

13             THE COURT:  Okay.  And are you receiving any

14   medical treatment for -- in terms of medication for your

15   anxiety or insomnia?

16             THE DEFENDANT:  Flexcide (ph) I believe the name is

17   and trazodone.

18             THE COURT:  Okay.  Now did you take those

19   medications today?

20             THE DEFENDANT:  No, those are nighttime medicines.

21             THE COURT:  Okay.  And did you take them last

22   night?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Okay.  And did either of those

25   medications affect your mental cognition?

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Okay.  And does your anxiety or your

3     insomnia prevent you from understanding what's going on here

4     today?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Okay.  Outside of your treatment for

7     anxiety or -- and insomnia, are you receiving any other kind

8     of medical treatment currently?

9          THE DEFENDANT:  No, Your Honor.

10          THE COURT:  Okay.  And outside of the medications

11     that you just told me about, did you take any other medicine,

12     or pills, or drugs in the last 24 hours?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Okay.  Have you had any alcoholic

15     beverages in the last 24 hours?

16          THE DEFENDANT:  No, Your Honor.

17          THE COURT:  Okay.  Have you ever been hospitalized

18     or treated for drug addiction or alcoholism?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Okay.  And when was that and what were

21     you treated for, to the best of your recollection?

22          THE DEFENDANT:  I believe it was 2014.

23          THE COURT:  Okay.  And what was the treatment for?

24          THE DEFENDANT:  Marijuana.

25          THE COURT:  And anything else?

9

1           I need a yes or no?

2           THE DEFENDANT:  No, Your Honor.

3           THE COURT:  Okay.  And have you ever been

4    hospitalized for any mental health or emotional issues?

5           THE DEFENDANT:  No, Your Honor.

6           THE COURT:  Okay.  And outside of the treatment

7    with the psychiatrist that you've told me about, any other

8    mental health treatment that you've received in the past?

9           THE DEFENDANT:  Family counseling as a kid.

10          THE COURT:  Okay.  Is your mind clear here today?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  You understand exactly what's going on?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Okay.  Now can you hold on one moment?

15       (Pause.)

16          THE COURT:  Now Mr. Ayeboafo, as a defendant in a

17    criminal case you have a right to counsel.

18          What that means is you have a right to an attorney

19    from the time you're arrested through any trial or any

20    appeal.

21          If you couldn't afford an attorney, the court would

22    appoint an attorney to represent you.

23          Do you understand that?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Okay.  Now are Mr. Wright and Ms.

1    Butler your attorney's here?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Okay.  At any time if you wish to

4    consult with them about anything I ask or that -- or for any

5    reason at all, you can do so.

6              Do you understand?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Okay.  Have you had any difficulty

9    communicating or meeting with your lawyers?

10             THE DEFENDANT:  No, Your Honor.

11             THE COURT:  Okay.  Have you had enough time to

12   discuss with your lawyers the decision to enter a plea in

13   this case?

14             THE DEFENDANT:  Excuse me?

15             THE COURT:  Have you had enough time to discuss

16   with your lawyers your decision to enter a plea in this case?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Okay.  And are you fully satisfied with

19   the representations your lawyers have presented -- provided

20   you, rather?

21             THE DEFENDANT:  Excuse me?

22             THE COURT:  Are you fully satisfied with the

23   representation that your lawyers have provided for you in

24   this case?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Okay.  Mr. Wright, have you discussed

2     this matter with your client?

3          MR. WRIGHT:  Yes, I have, Judge.

4          THE COURT:  Have you had any difficulty at all

5     meeting or communicating with your client?

6          MR. WRIGHT:  None whatsoever.

7          THE COURT:  Are you satisfied that he understands

8     the rights he would be waiving if he were to enter a guilty

9     plea?

10         MR. WRIGHT:  I'm very satisfied.

11         THE COURT:  Okay.  Are you satisfied that he's

12    fully capable of understanding the nature of these

13    proceedings?

14         MR. WRIGHT:  Yes, I am satisfied.

15         THE COURT:  Do you have any doubt at all about his

16    competence to plead today?

17         MR. WRIGHT:  I have no doubt at all.

18         THE COURT:  Okay.  And have you discussed with him

19    the maximum and minimum sentence and fine that could be

20    imposed upon him if he were to plead guilty to the count in

21    the indictment?

22         MR. WRIGHT:  I have, yes.

23         THE COURT:  Okay.  And have you discussed with him

24    the operation of the sentencing guidelines and how those

25    guidelines might affect his case?

12

1        MR. WRIGHT:  Yes, we have gone over those at

2    length.

3        THE COURT:  Okay.  Now Mr. Wright, do you have a

4    copy of the indictment?

5        MR. WRIGHT:  You know, Judge, I have a copy of

6    everything but -- I do now, Judge, yes.

7        THE COURT:  Okay.  Why don't you put it in front of

8    your client.

9        MR. WRIGHT:  Of course.

10        THE COURT:  Mr. Ayeboafo, this is the indictment

11    that charges you with distribution of and possession with

12    intent to distribute certain controlled substances.

13        And specifically it alleges that between November,

14    2018 and March of 2019 you, along with others, knowingly and

15    intentionally distributed, which means gave out, or you

16    possessed or -- sorry.  And you possessed with an intent to

17    distribute certain controlled substances, okay?

18        Do you understand that, sir?

19        THE DEFENDANT:  Give me one minute.

20        THE COURT:  Take as much time as you need.

21     (Pause.)

22        MR. WRIGHT:  Judge, if you can repeat the question

23    for him.

24        THE COURT:  Sure.

25        Do you understand that you've been charged with

1    distribution of certain controlled substances and possession

2    of certain controlled substances with an intent to distribute

3    them?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Okay.  And do you understand that it

6    charges you with those offenses with respect to three

7    different controlled substances; cocaine base, heroin and

8    fentanyl?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Okay.  And Mr. Wright, have you had a

11   discussion with your client where you went over with him what

12   the government would have to prove if your client went to

13   trial and it wished to have the jury return a guilty verdict

14   on this charge?

15             MR. WRIGHT:  Yes, we have.

16             THE COURT:  All right.

17             Mr. Ayeboafo, I'm going to explain to you that if

18   you went to trial, and if the government wished to have a

19   jury return a guilty verdict on this charge, he would have to

20   prove certain things, which are called elements, beyond a

21   reasonable doubt, okay?

22             If the government wanted the jury to return a

23   guilty verdict on the allegation that you distributed

24   narcotics, okay, or controlled substances, it would have to

25   prove two things beyond a reasonable doubt, okay?

1        One is that you distributed narcotics, gave out

2    narcotic drugs or a controlled substance and the second you

3    would have to prove that you did so knowingly.  In other

4    words, knowing what you were doing, okay?

5        If they wanted the jury to return a guilty verdict

6    for possession with intent to distribute, it would have to

7    prove that you possessed, which means that you held or you

8    had the narcotic drugs, that you knew that you had them and

9    that you had them, or possessed them, with an intent to

10    distribute them or give them out.

11        Do you understand that, sir?

12        THE DEFENDANT:  Yes, Your Honor.

13        THE COURT:  Now, does the government believe I've

14    correctly summarized the charge in the indictment and what it

15    would have to prove at a trial?

16        MR. MOSCOW:  Yes, Your Honor. I apologize. I didn't

17    hear whether the court specifically indicated that the

18    government would also have to prove that the quantity of

19    cocaine base that the defendant distributed is 28 grams.

20        THE COURT:  I had not said that, but if -- there

21    are three controlled substances, and I told you what they

22    are, that are listed in the indictment, Mr. Ayeboafo.

23        If they wanted to have the jury return a guilty

24    verdict with respect to the cocaine allegation, okay, either

25    that you possessed that amount of cocaine with an intent to

1    distribute it, or you distributed that amount of cocaine,

2    okay, they'd have to prove the quantity amount, which is 28

3    grams or more of a substance that contained that cocaine.

4              Do you understand?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Okay.  And there's no quantity amount

7    for the heroin or the fentanyl.  Do you understand?  So they

8    wouldn't have to prove that if they wanted the jury to return

9    a guilty verdict on those substances.

10             Do you understand?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Okay.  Now what I need to go over --

13   does the government believe I've correctly summarized the

14   charge and the elements?

15             MR. MOSCOW:  Yes, Your Honor.

16             The government notes that while the court said

17   cocaine, the indictment charges a cocaine base, which is

18   crack cocaine.  The government believes that all parties are

19   on the same page about that.

20             THE COURT:  Okay.  Other than that does the

21   defendant -- Mr. Wright, do you agree that I've explained the

22   charge and what the government would have to prove at trial?

23             MR. MOSCOW:  Yes, Judge.  I do believe you've

24   explained it accurately.

25             THE COURT:  Okay.  And Mr. Ayeboafo, just to be

1    clear every time I said cocaine I meant cocaine base, because

2    that's actually what is charged in the indictment.

3              Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Okay.  I need to explain to you your

6    rights and the rights that you'd be giving up if you were to

7    plead guilty.

8              First of all, you have an absolute right to plead

9    not guilty.

10             Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Now what that means is that even if you

13   are, in fact, guilty you have a choice. It's up to you to

14   decide what to do; not your lawyer, not the government, not

15   anybody else.

16             You can withdraw your previous plea of not guilty

17   and plead guilty, as I understand that -- which is what you

18   want to do, or you can simply persist and go to trial based

19   on a plea of not guilty.

20             Do you understand that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Okay.  If you plead not guilty to the

23   charges, you have a right to a speedy and public trial before

24   a jury under the Constitution and laws of the United States.

25   And at that trial you would have the assistance of your

17

1      attorney in a trial.

2              Do you understand that?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  And at a trial you'd be presumed

5      innocent.  You would not have to prove that you were

6      innocent.

7              Under our legal system it's the government that

8      bears the burden of proof, and they have to prove beyond a

9      reasonable doubt each of the elements I've described to you,

10     or told you about, if they wanted the jury to return a guilty

11     verdict on that charge.

12             Now if the government failed to prove any one of

13     those elements, the jury would be required to return a

14     verdict of not guilty with respect to that charge.

15             Do you understand that?

16             In other words, if the government failed to meet

17     its burden of proof, the jury would have to return a not

18     guilty verdict.

19             Do you understand that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  And you understand that you'd be

22     presumed innocent at any trial?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Okay.  Now at any trial, the government

25     would have to come to court and testify in your presence.

18

1    Your lawyer, or lawyers, would have the right to cross

2    examine any witnesses, to object to evidence offered by the

3    government and to offer any evidence on your behalf that they

4    wish to do so.

5         Your lawyer could also subpoena or compel witnesses

6    to come into court and testify.

7         Do you understand that?

8         THE DEFENDANT:  Yes, Your Honor.

9         THE COURT:  Now, at a trial you could testify in

10   your case, if you wish to do so. On the other hand, you could

11   not be forced to testify if you didn't want to.

12        Under the Constitution and laws of the United

13   States, no person can be forced to be a witness against

14   himself. And if there was a trial and you chose not to

15   testify, Judge Cogan would instruct the jury that they could

16   not hold the fact that you didn't testify against you.

17        Do you understand that?

18        THE DEFENDANT:  Yes, Your Honor.

19        THE COURT:  Okay.  Now if instead of going to trial

20   you plead guilty and Judge Cogan accepts your guilty plea,

21   you'll be giving up your constitutional right to a trial and

22   each of the other rights I've just mentioned.

23        THE DEFENDANT:  Can you repeat that, please?

24        THE COURT:  Sure.  If instead of going to trial you

25   plead guilty and Judge Cogan accepts your guilty plea, you'll

19

1    be giving up your right to trial and all of the other rights

2    that I've mentioned.  There simply will not be any trial in

3    this case.  The court will simply enter a judgment of your

4    guilt based upon the plea and what you say today.

5              Do you understand that?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Okay.  Now if you do decide to plead

8    guilty, I have to ask you questions about what you did in

9    order to satisfy myself and Judge Cogan that you are, in

10   fact, guilty of a crime.

11             You're going to have to answer my questions and

12   acknowledge your guilt.  What that means is you're giving up

13   your right to be a witness against yourself.

14             Do you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Okay.  Now if you enter a plea of

17   guilty today and you admit to criminal conduct, and Judge

18   Cogan accepts your plea, you cannot appeal to a higher court

19   on whether you committed a crime or not.

20             Do you understand that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Are you willing to give up each of the

23   rights, including your right to a trial that I've discussed?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Okay.  I have before me court exhibit –

1  – do you have any questions?

2           THE DEFENDANT:  No, sir.

3           THE COURT:  I have before me what is Court Exhibit

4  2, which is a plea agreement.  I note it's signed by the

5  government, Mr. Ayeboafo, and his counsel.

6           Mr. Wright, do you have a copy of that agreement

7  for your client?

8           MR. WRIGHT:  I do.  Yes, Your Honor.

9           THE COURT:  Okay.  Mr. Ayeboafo, did you read this

10  plea agreement carefully?

11           THE DEFENDANT:  Yes, Your Honor.

12           THE COURT:  Okay.  And you discussed it with your

13  lawyer?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  And you believe you understand it?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Okay.  Does the government -- well, let

18  me ask, are there any written proffer agreements?

19           MR. MOSCOW:  No, Your Honor.

20           THE COURT:  Okay.  Does the government represent

21  that Court Exhibit to the plea agreement is the entirety of

22  the understanding the U.S. Attorney's Office has reached with

23  the defendant?

24           MR. MOSCOW:  Yes, Your Honor.

25           THE COURT:  Okay.  Counsel, have you read and

21

1    reviewed the plea agreement with your client?

2              MR. WRIGHT:  I have.  Yes, Your Honor.

3              THE COURT:  Does the plea agreement, that's Court

4    Exhibit 2, contain the entirety of the understanding that

5    your client has entered into with the government?

6              MR. WRIGHT:  Yes, it does.

7              THE COURT:  Okay.  Mr. Ayeboafo, is there anything

8    in the agreement that's not clear at this point?

9              THE DEFENDANT:  No, Your Honor.

10             THE COURT:  Okay. Now I need to go over a couple of

11   things with you that are in the agreement, okay?

12             First, I'm going to go over the minimum and maximum

13   penalties and fines that can be imposed on you based on this

14   -- the first count in the indictment, okay.

15             It carries a minimum term of imprisonment of five

16   years and a maximum term of imprisonment of 40 years.

17   There is also what follows any term of imprisonment what is

18   known as supervised release.  The minimum term of that

19   supervised release is four years.  The maximum is life.

20             Now supervised release follows imprisonment, which

21   means you are released and you're subject to certain

22   conditions.

23             If you were to violate any of those conditions, you

24   could be sentenced to additional time in prison without

25   getting any credit for any time you spent in prison before

22

1    you were put out on release, or any time that you spent out

2    on release before additional time of imprisonment was

3    imposed.  Okay?

4              Do you understand that?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Okay.  You're also subject to a maximum

7    fine of $5 million and a mandatory $100 special assessment

8    fee.

9              Do you understand?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Okay.  Now I'm going to go over the

12   sentencing guidelines separately in a moment, but I'd like

13   you to go to paragraph 4 on the bottom of page 3.

14             THE DEFENDANT:  I'm here, Your Honor.

15             THE COURT:  Okay.  Do you understand that if Judge

16   Cogan sentences you to imprisonment of 63 months or less,

17   that you're giving up and you're agreeing not to file any

18   appeal in which you would challenge the sentence or the

19   conviction?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Okay.  And go to paragraph 6 on page 5.

22             Do you understand that you are entering -- you're

23   agreeing to forfeit a certain amount of money pursuant to

24   what's known as a forfeiture judgment?

25             THE DEFENDANT:  Yes, Your Honor.

23

1          THE COURT:  Okay.  And Mr. Ayeboafo, I understand

2     that you're a United States citizen.  If for some reason you

3     were not a United States citizen, that could have

4     consequences about your ability to remain in the United

5     States.

6          Do you understand that?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  Okay.  Is there anything else in the

9     plea agreement that the government believes I need to

10     identify with specificity with Mr. Ayeboafo?

11          MR. MOSCOW:  No, Your Honor.

12          THE COURT:  Okay.  Mr. Wright?

13          MR. WRIGHT:  Nothing, Your Honor.

14          THE COURT:  Okay.  Mr. Ayeboafo, other than the

15     promises that are contained in this agreement, has anyone

16     made you any other promises that are causing you to plead

17     guilty?

18          THE DEFENDANT:  No, Your Honor.

19          THE COURT:  Okay.  Now I want to explain to you how

20     sentencing would work under the sentencing guidelines and

21     before Judge Cogan, okay?

22          He has to undergo a certain analysis in determining

23     what an appropriate sentence is for you in this case. As a

24     first step he has to consider what are known as the

25     sentencing guidelines, okay?

24

1          Those are issued by an agency called the United

2   States Sentencing Commission and he has to determine what a

3   reasonable sentence is based on those guidelines.  Those

4   guidelines are advisory, which means they're not mandatory.

5          But nonetheless they're important -- they're an

6   important consideration in sentencing, and Judge Cogan has to

7   take them into account in determining what sentence to give

8   you.

9          Do you understand that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Has your lawyer discussed with you the

12   sentencing guidelines and how the guidelines are calculated?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Okay.  In addition to considering the

15   sentencing guidelines, Judge Cogan has to determine whether

16   there are any factors that would permit the government --

17   excuse me -- would permit him to either depart upwardly or

18   downwardly from the sentencing guidelines.

19          In addition, there's a sentencing law and it has

20   certain factors or things that have to be considered in

21   connection with sentencing.

22          And he's to consider those things in light of the

23   facts and circumstances of this case, including what you're

24   charged with, what you -- the nature and circumstances of you

25   and your background, and it may be what's known as a non-

25

1    guideline sentence would be appropriate.

2            Do you need a second to talk with your counsel?

3        (Counsel and defendant confer.)

4            THE DEFENDANT:  Yes, Your Honor.

5            THE COURT:  Okay.  So I hadn't asked a question

6    yet, but the point of all of this, telling you that there are

7    sentencing guidelines that have to be considered, that Judge

8    Cogan could depart either upwardly or downwardly, that he

9    could impose a non-guideline sentence is to tell you you

10   cannot know with certainty whether there are grounds to give

11   you a non-guideline sentence or what your sentence will be.

12           Do you understand?

13           THE DEFENDANT:  Yes, I get it, Your Honor.

14           THE COURT:  Okay.  Now there is a date for

15   sentencing, correct, Mr. Mason?

16           THE CLERK:  June 18th, 2020 at 10:00 a.m., Your

17   Honor.

18           THE COURT:  Okay.  Mr. Ayeboafo, sentencing is

19   scheduled before Judge Cogan on June 18th at 10:00 in the

20   morning, okay?

21           Before that date you'll receive what's known --

22   you'll have an interview with the Probation Department.

23   You'll receive what's known as a presentence report from the

24   Probation Department.  That's going to recommend a guideline

25   range.

1        Your counsel will have an opportunity to object to

2   any facts that are contained in that report.

3        Do you understand that?

4        THE DEFENDANT:  Yes, Your Honor.

5        THE COURT:  Okay. Now despite what I said it's

6   still important for you to know what the possible guideline

7   sentence would be here, based on the facts that are known

8   now.  Now keep in mind this is a guess that could be wrong.

9        Do you understand that?

10       THE DEFENDANT:  What could be wrong?

11       THE COURT:  The guess I'm about to tell you about

12  the sentencing guidelines, the range, that could be wrong.

13       Do you understand that?

14       THE DEFENDANT:  Yes.

15       THE COURT:  Okay.  It's just based on facts that

16  are known now and those facts can be incorrect, okay?  Do you

17  understand that?

18       THE DEFENDANT:  So the guidelines that I have right

19  now could be wrong.

20       THE COURT:  Correct.

21       THE DEFENDANT:  And if they're wrong, how would

22  that work?

23     (Counsel and defendant confer.)

24       THE COURT:  So what I'm telling you now is I'm

25  going to ask the government what their estimate is of the

1    guidelines range. It's what's reflected in the plea

2    agreement. And I'm going to tell you that number and I need

3    you to make sure you understand that that's just a guess

4    based on current information. That's a guess that could be

5    wrong.

6              Do you understand that?

7              THE DEFENDANT:  I understand, Your Honor.

8              THE COURT:  Okay.  What's the government's estimate

9    of the guideline range?

10             MR. MOSCOW:  Your Honor, the government estimates

11   at this time, because the government intends to move for a

12   third point for acceptance of responsibility, in light of the

13   defendant's timely guilty plea, a guidelines range of 46 to

14   57 months, which in light of the mandatory minimum term of 60

15   months becomes an effective guidelines range of 60 months.

16             THE COURT:  Okay.  So Mr. Ayeboafo, the government

17   estimates that the guidelines calculation would be 46 to 57

18   months of imprisonment.

19             However, there's a mandatory minimum that's

20   associated with Count 1 in the indictment and that makes the

21   guidelines range 60 months.

22             Do you understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Okay.  Now Mr. Wright, have you

25   provided your client with an estimate of the guideline range?

1    And I don't need to know what it is.

2            MR. WRIGHT:  Yes, I have, Judge.

3            THE COURT:  Okay.  Now Mr. Ayeboafo, I need you to

4    understand that Judge Cogan is not bound by anything in the

5    plea agreement or what the government says the guideline

6    range is, what your lawyer says the guideline range is, or

7    what the Probation Department says that the guideline range

8    is.

9            Do you understand that?

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  Judge Cogan can sentence you based upon

12    his interpretation of what the sentencing law is and what the

13    guidelines range should be.

14            Do you understand that?

15            THE DEFENDANT:  Yes, Your Honor.

16            THE COURT:  And you understand that he has the

17    authority to depart either upwardly or downwardly, or impose

18    a non-guideline sentence.

19            THE DEFENDANT:  Yes, Your Honor.

20            THE COURT:  Okay.  Now under the guideline system

21    there's no parole board or parole commission for you.

22            What that means practically speaking whatever

23    sentence you do receive from Judge Cogan will be pretty much

24    close to the amount of time you would spend in prison.  You

25    don't have the ability to appeal to a parole board to get out

1    early because for you parole boards are not an option in the

2    federal sentencing system.

3              Do you understand that?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Okay.  Do you have any questions you

6    want to ask me about what you're charged with, what your

7    rights are, or anything else that may not be clear?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  Okay.  Are you ready to plead?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Okay.  Counsel, do you know of any

12   reason your client should not enter a plea of guilty to Count

13   1 in the indictment?

14             MR. WRIGHT:  I do not.

15             THE COURT:  Are you aware of any valid and complete

16   legal defense that would prevail at trial?

17             MR. WRIGHT:  There is none.

18             THE COURT:  Okay.  Mr. Ayeboafo, how do you plead

19   to Count 1 in the indictment which charges distribution of

20   and possession of with intent to distribute.

21             Do you plead guilty or not guilty?

22             THE DEFENDANT:  I plead guilty.

23             THE COURT:  Okay.  Are you making this guilty plea

24   voluntarily and of your own free will?

25             THE DEFENDANT:  Yes.

1          THE COURT:   Has anyone threatened you or forced

2    your or pressured you to plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Outside of the plea agreement, has

5    anyone made any promises to you that are causing you to plead

6    guilty?

7          THE DEFENDANT:  No.

8          THE COURT:  Has anyone promised you what sentence

9    you would receive from Judge Cogan if you were to plead

10   guilty?

11         THE DEFENDANT:  No.

12         THE COURT:  Okay.  Can you tell me in your own

13   words what you did that leads you to believe that you're

14   guilty of a crime?

15         THE DEFENDANT:  Between November, 2008 and March

16   2009, I -- I mean, 2019 I sold crack cocaine, cocaine base.

17         THE COURT:  Okay.  Now I just want to make sure of

18   the dates.  What were those dates again?

19         THE DEFENDANT:  November 2018 and March 2019.

20         THE COURT:  Okay.  And you said you sold crack

21   cocaine or cocaine base.  Where did you do that?

22         THE DEFENDANT:  In Staten Island, New York.

23         THE COURT:  Okay.  And did you know what you were

24   doing when you did that?

25         THE DEFENDANT:  Yes, Your Honor.

31

1    THE COURT:  Okay.  And do you know the amount of

2    crack cocaine or cocaine base that you had with you, or that

3    you sold, either one?

4    THE DEFENDANT:  The amount exceeded 28 grams.

5    THE COURT:  Okay.  Does the government believe any

6    other factual allocution is necessary at this point?

7    MR. MOSCOW:  No, Your Honor.  The government

8    believes that's sufficient.

9    THE COURT:  Okay.  Counsel, do you agree that the

10   factual allocution is sufficient?

11   MR. WRIGHT:  Yes, we agree it's sufficient.

12   THE COURT:  Okay.  Based upon the information

13   that's been given to me, I find that Mr. Ayeboafo, is acting

14   voluntarily, that he fully understands the rights that he

15   has, the charges against him and what the consequences of the

16   plea are, and that there's a factual basis for his plea of

17   guilty.

18   It's therefore my recommendation to Judge Cogan

19   that he accept Mr. Ayeboafo's guilty plea to Count 1 in the

20   indictment.

21   Is there anything else from the government?

22   MR. MOSCOW:  No, Your Honor.

23   THE COURT:  Counsel?

24   MR. WRIGHT:  Nothing, Your Honor.

25   THE COURT:  Okay.  Everybody have a nice day, okay?

32

1          MR. MOSCOW:  Thank you, Your Honor.

2          THE DEFENDANT:  You too, Your Honor.

3      (Proceedings concluded at 1:47 p.m.)

4   I, CHRISTINE FIORE, court-approved transcriber and certified

5   electronic reporter and transcriber, certify that the

6   foregoing is a correct transcript from the official

7   electronic sound recording of the proceedings in the above-

8   entitled matter.

9

10

11   _____          April 13, 2020

12      Christine Fiore, CERT

13          Transcriber

14

15

16

17

18

19

20

21

22

23

24